**WISCONSIN MARINE COMPANY, Plaintiff,**

v.

**LAWN 'N' SPORT POWER MOWER SALES & SERVICE, INC., Defendant.**

**No. 69–C–543.**

United States District Court, E. D. Wisconsin.

April 18, 1972.

———◆———

Michael, Best & Friedrich, by Gerrit D. Foster, Milwaukee, Wis., for plaintiff.

Grodin & Strnad by Burton A. Strnad, Milwaukee, Wis., for defendant.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The complaint in this action alleges that the defendant has infringed the plaintiff's patent relating to a rotary snow remover; the defendant denies that there has been any infringement, and it asserts that the patent in question is invalid. The defendant has filed a motion which seeks the "appointment by the Court of an impartial expert witness . . . to testify in this action."

In support of its motion, the defendant argues that the complexity of the issues in the instant action warrants the appointment of a neutral expert witness upon whose testimony the court could rely "without having to allow for possible bias." The plaintiff, on the other hand, contends that "the subject matter of the patent-in-suit is not complex and unfamiliar" and that no expert witness, neutral or otherwise, will be needed at the trial of this case.

In my opinion, the defendant's motion must be denied. It is likely that the testimony of an impartial expert witness would be of assistance to the court; as the defendant notes, the use of *partisan* expert witnesses is subject to some criticism. See, e. g., Handbook of Recommended Procedures for the Trial of Protracted Cases, 25 F.R.D. 351, 417 (1960). However, I am not persuaded that the appointment of a neutral expert witness is appropriate when, as here, one of the parties strenuously opposes the appointment. See, generally, Schuck, Techniques for Proof of Complicated Scientific and Economic Facts, 40 F.R.D. 33 (1967).

Therefore, it is ordered that the defendant's motion for selection by this court of an impartial expert witness be and hereby is denied.